# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIE ALBERT MCGHEE,

        Plaintiff,

v.                                                                  Case No. 08-C-45

WARDEN JUDY P. SMITH, JAMES SHAUB,
JEFF FREUND, ALEX STOLARSKI,
MARK WEISGERBER, CHRIS MUSHA,
OFFICER RIGERT, SGT. DIETZLER,
STAN DOMAN, ROBERT NEAU,
OFFICER BORKOWSKY, and RICK RAEMISCH,

        Defendants.

## ORDER

        The plaintiff, a Wisconsin state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Ten days later, he filed a motion to amend the complaint along with a proposed amended complaint. The plaintiff"s motion to amend will be granted and the January 24, 2008 amended complaint ("complaint") will be the operative complaint in this action. *See* Fed. R. Civ. P. 15(a). This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

        Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the

prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $8.95.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

-2-
Case 2:08-cv-00045-JPS   Filed 05/15/08   Page 2 of 12   Document 15

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff is incarcerated at the Oshkosh Correctional Institution (OSCI). The defendants are: OSCI Warden Judy P. Smith; Captain James Shaub; Jeff Freund, crisis worker; Alex Stolarski, head of clinical services; Mark Weisgerber,

-3-
Case 2:08-cv-00045-JPS   Filed 05/15/08   Page 3 of 12   Document 15

security director; Chris Musha, sergeant; Officer Rigert; Sgt. Dietzler; Lieutenant Stan Doman; Lieutenant Robert Neau; Officer Borkowsky; and Secretary of Wisconsin Department of Corrections ("DOC") Rick Raemisch.

The plaintiff alleges that on December 30, 2007, he was taken to solitary confinement. Once there, he pressed the medical emergency button and informed the segregation sergeant that he needed to see the crisis worker. The crisis worker, defendant Jeff Freund, came to see the plaintiff and the plaintiff informed him that he was emotionally unstable, having a nervous breakdown, could not eat or sleep, felt like he was dying inside, and had suffered with depression all of his life. Defendant Freund told the plaintiff that he would get someone to bring him out of his cell so they could speak in private. He asked the plaintiff if he was going to be okay, the plaintiff responded that he did not know but that he would do his best, and defendant Freund left. After two hours passed and nobody returned to his cell, the plaintiff again pressed the medical emergency button and told the sergeant that he was waiting for someone to speak with. The sergeant responded that he would notify defendant Freund. Approximately one and a half hours later the plaintiff pressed the medical emergency button again, and the sergeant told him that defendant Freund had gone home and that he would not be receiving any help for his condition. After that, the plaintiff's mental state became even more fragile.

Later that night, defendant Rigert brought the plaintiff his "canteen" and gave him numerous items that inmates in segregation are not allowed to have. According to the plaintiff, it is "Internal Management Procedure" that prison officials are

-4-

supposed to inspect his canteen order, and give him only the canteen items that his security classification permits. The plaintiff alleges that defendant Rigert recklessly gave him a "10 pack of Bic disposable razors" right after he had spoken to defendant Freund and was denied medical attention, and that, "[i]n my mind these razors suggested that I should end my pain." The plaintiff alleges that as a result, he severely cut his wrists in an attempt to kill himself and that these are "wounds both inside and out that I will now have to live with for the rest of my life." The plaintiff further alleges that he has nightmares because he is afraid to sleep at night, his depression is worse than ever before, and he is afraid to seek help because he trusted the prison officials and he almost died.

The plaintiff claims that defendants Sgt. Musha and Sgt. Dietzler failed to comply with DOC procedure in that they did not inspect the canteen; defendants Lt. Neau and Lt. Doman, who were acting supervisors at the time of the incident, should have informed the officers that they were not supposed to give the plaintiff razors; defendant Secretary Raemisch learned about the violation of his rights and failed to do anything about it and created a policy or custom allowing or encouraging the illegal acts; defendant Warden Smith conspired to cover up other defendants' recklessness, is responsible for the plaintiff's safety and for training officers, and learned about the violations of the plaintiff's rights but failed to do anything to fix the situation; defendant Security Director Weisgerber learned about the violation and failed to do anything to fix the situation; defendant Captain Shaub learned about the violation of the plaintiff's rights and failed to do anything to fix the situation;

defendant Captain Borkowsky conspired to cover up the incident by conducting an insufficient investigation of the incident; and defendant Dr. Stolarski, who was in charge of training defendant Freund, learned about the violation but failed to do anything to fix it.

The plaintiff claims that the defendants violated his Eighth Amendment right to medical care and his Fourteenth Amendment right to equal protection. For relief, he seeks $5,000,000 in compensatory and punitive damages for emotional distress, psychological impact, pain, suffering, and physical injury.

It is well settled that the Eighth Amendment protects the mental health of prisoners no less than their physical health. *See, e.g., Meriwether v. Faulkner*, 821 F.2d 408, 413 (7th Cir. 1987); *Wellman v. Faulkner*, 715 F.2d 269, 272 (7th Cir. 1983). Serious medical needs are not restricted to physical conditions; the need for a mental illness to be treated may be considered a serious medical need if it could result in significant injury, such as death by suicide, or the unnecessary and wanton infliction of pain. *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). Although prison officials do not act with deliberate indifference if they respond reasonably to an inmate's medical needs, *see Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007); *Johnson v. Doughty*, 433 F.3d 1001, 1010-11 (7th Cir. 2006), at this stage the court cannot determine whether the allegations as stated herein constituted a reasonable response. In particular, the court has not heard the prison officials' rationale for their response, *cf. Norfleet v. Webster*, 439 F.3d 392, 397 (7th

-6-

Case 2:08-cv-00045-JPS   Filed 05/15/08   Page 6 of 12   Document 15

Cir. 2006). Thus, the plaintiff may proceed on an Eighth Amendment claim against defendants Freund, Musha, Rigert, and Dietzler.

"To establish a prima facie case of discrimination under the equal protection clause, [plaintiff is] required to show that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). Of course, at this stage, the plaintiff is not required to "show" anything. *Id.* Indeed, the court of appeals has held that an allegation as simple as "I was turned down a job because of my race" is sufficient to state an equal protection claim. *Id.* at 916 n.1 (citing *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)). However, other than mentioning "equal protection" in the claims section of his complaint, there is no indication of the plaintiff being treated differently from any other inmate. There is no basis for a claim under the equal protection clause and thus the plaintiff may not proceed on such a claim.

The court turns to the alleged personal involvement of the defendants in the plaintiff's Eighth Amendment claim. Section 1983 does not create a claim based on collective or vicarious responsibility. *See Pacelli v. deVito*, 972 F.2d 871, 875 (7th Cir. 1992). An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994); *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986). An official is personally involved if: a) he or she participates directly in the constitutional deprivation; b) acts or fails to act with reckless disregard of the

-7-

plaintiff's constitutional rights; or c) the conduct that deprived the plaintiff of his constitutional rights occurred at the official's direction or with his or her knowledge and consent. *Rascon*, 803 F.2d at 274; *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982).

The plaintiff, who sues all defendants in their individual capacities, does not allege that defendants Smith, Shaub, Stolarski, Weisgerber, Doman, Neau, Borkowsky, and Raemisch were personally involved in his Eighth Amendment claim. Thus, those defendants will be dismissed.[1]

In sum, the court finds that the plaintiff has alleged sufficient facts to support a claim that his rights were violated. He may proceed on an Eighth Amendment claim against defendants Freund, Musha, Rigert, and Dietzler.

## **Motion to Appoint Counsel**

The plaintiff has moved for the appointment of counsel. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not to compel (*see Mallard v. United States District Court*, 490 U.S. 296 [1989]), an attorney to represent an indigent civil litigant pursuant to Title 28, United States Code, § 1915(e)(1). *Jackson*, 953 F.2d at 1071; *McKeever*, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for

---

[1] The court notes that since the plaintiff seeks only monetary damages, official capacity claims against the defendants, if alleged, would be barred by the Eleventh Amendment. *See Omosegbon v. Wells*, 335 F.3d 668, 672-73 (7th Cir. 2003).

-8-

such representation. This court, therefore, appoints counsel under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. *McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. *Jackson*, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id.* Once this initial requirement is met, the court, in exercising its discretion with regard to plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *See Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, the plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. Nonetheless, the plaintiff has provided a detailed complaint setting forth his claims. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. Therefore, at this juncture, given the nature of the case, it appears that the plaintiff is competent to litigate this case himself. Accordingly, the plaintiff's motion for appointment of counsel will be denied.

# ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend complaint (Docket #3) be and hereby is **GRANTED**. The January 24, 2008 amended complaint is the operative complaint in this action.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #10) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that defendants Smith, Shaub, Stolarski, Weisgerber, Doman, Neau, Borkowsky, and Raemisch be and hereby are **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the January 24, 2008, amended complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $341.05 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge